# COWETA CIRCUIT.

———— TERM, 1842.

JOHN DOE, ex dem., WILLIAMSON TERRELL vs. RICHARD ROE, casual ejector, and ELIZABETH DEANE, JAMES SAMPLES and JOHN H. STINSON, Tenants in possession.

*Ejectment—Verdict and this point reserved to be submitted at the next term of the Court, to wit : Whether the plaintiff had made out such a case on the introduction of the grant from the State to Gregory O. Green, the power of attorney from Gregory O. Green to N. H. Greer, and N. H. Greer's deed to Williamson Terrell, as would entitle him to go to the Jury, having introduced no other evidence, of the identity, than contained in the aforesaid papers, and on the ground that there was no evidence of the identity of Gregory O. Green.*

The lessor of the plaintiff is not required to introduce evidence of the identity of the person under whom he claims. A grant or deed to a person of that name makes out a presumptive case, and casts the onus on the opposite party.

The only point embraced in the above rule for the decision of the Court, is this : Whether the plaintiff had made out a sufficient title to carry his case to the Jury upon the introduction of the titles above referred to ; or, in other words, whether it was necessary for him to adduce any other evidence as to the identity of the lessor of the plaintiff than a title in his name. This question was settled by the opinion of Judge SPENCER, in the case of *Jackson* vs. *Goes*, 13th *Johns.* Repts. 523, where the Judge uses this language : " In this action, (to wit : an action of ejectment,) whenever the plaintiff introduces a deed conveying the premises to a person of the name of his lessor, it is *prima facie* evidence that the lessor is the real grantee, the burden of disproving this and repelling the presumption is thrown on the defendant, and he may prove that the *deed* was granted to a

[John Doe, ex dem., Terrell vs. Richard Roe, casual ejector, Deane, &c. Tenants.]

different person of the same name." This authority is directly in point and I think conclusive upon the question.

It is therefore ordered, that said rule be discharged, and that the verdict and judgment in said case stand affirmed.

WILLIAM EZZARD, J. S. C. C. C.